IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASON KOKINDA, | § | |
| | § | No. 27, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | C.A. No. N16M-03-197 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 3, 2017
Decided: June 26, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

# **O R D E R**

This 26th day of June 2017, it appears to the Court that:

(1) The appellant, Jason Kokinda, has appealed the Superior Court's January 4, 2017 order affirming a Commissioner's order granting the State's motion to designate Kokinda as a Tier II sex offender in Delaware. The appellee, the State of Delaware, has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Kokinda's opening brief that the appeal is without merit.

(2) In 2008, Kokinda was indicted in the Superior Court of New Jersey for the offense of Endangering Welfare of Children Second Degree. At the time of the

indictment, the New Jersey statute under which Kokinda was charged defined Endangering Welfare of Children Second Degree as:

> Any person who knowingly receives for the purpose of selling or who knowingly sells, procures, manufactures, gives, provides, lends, trades, mails, delivers, transfers, publishes, distributes, circulates, disseminates, presents, exhibits, advertises, offers or agrees to offer, through any means, including the Internet, any photograph, film, video tape, computer program file, video game or any other reproduction or reconstruction which depicts a child engaging in a prohibited sexual act or in the simulation of such an act, is guilty of a crime of the second degree.[1]

In 2009, Kokinda pled guilty to Endangering Welfare of Children Second Degree and was sentenced to a period of incarceration.

(3)    All states, the District of Columbia, and the federal government have laws providing for the mandatory registration of sex offenders and corresponding community notification.[2] Delaware's sex offender registry is governed by a statutory scheme,[3] which provides, in relevant part, that individuals convicted of certain sex offenses in Delaware—as well as individuals convicted of comparable sex offenses in other states and residing in Delaware—must comply with Delaware's sex offender registration requirements.[4]

---

[1] N.J.S.A. 2C:24–4b(5)(a) (2005).
[2] *Smith v. Doe*, 538 U.S. 84, 89–90 (2003).
[3] 11 *Del. C.* §§ 4120–4123 (Supp. 2017).
[4] 11 *Del. C.* § 4121(a)(4)a, c.

(4)     Following his release from incarceration in New Jersey, Kokinda moved to Delaware.  Kokinda registered with the Delaware State Police as a Delaware sex offender on November 3, 2015.

(5)     On March 30, 2016, the State moved to designate Kokinda as a Tier II sex offender.[5]  The State based the motion on a claim that Kokinda's New Jersey conviction of Endangering Welfare of Children Second Degree was comparable to the offense of Dealing in Child Pornography, a class B felony, found in 11 *Del. C.* § 1109.  Subsection 3 of 11 *Del. C.* § 1109 provides that a person is guilty of Dealing in Child Pornography when:

> The person knowingly distributes or disseminates, by means of computer or any other electronic or digital method, or by shows or viewings, any motion picture, video or other visual depiction of a child engaging in a prohibited sexual act or the simulation of such an act. The possession or showing of such motion pictures shall create a rebuttable presumption of ownership thereof for the purposes of distribution or dissemination.[6]

(6)     On April 25, 2016, the Superior Court held a hearing on the motion to designate Kokinda as a Tier II sex offender.  Kokinda submitted a "motion in opposition to sex offender classification" and made an oral presentation opposing the motion to designate.  Kokinda's position, fairly summarized, was that certain defects in his underlying New Jersey conviction—namely, that his guilty plea was

---

[5] There are three risk assessment tiers, each of which has a particular set of registration requirements.  *See* 11 *Del. C.* § 4121(d), (e) (describing risk assessment tiers).
[6] 11 *Del. C.* § 1109(3).

coerced—should act as a bar to the State's efforts to classify him as a sex offender in Delaware. In response, the State argued that Kokinda could not use the sex offender registry proceeding in Delaware as a forum to collaterally attack his New Jersey conviction. At the conclusion of the hearing, and in a written order on April 27, 2016, the Commissioner granted the motion to designate and denied Kokinda's motion in opposition to that motion.

(7) Kokinda filed objections to the Commissioner's April 27 order.[7] On January 4, 2017, the Superior Court issued a letter order affirming the Commissioner's order. The Superior Court stated:

> After reviewing your objections to the Commissioner's April 27, 2016 Order and reviewing *de novo* the Commissioner's April 27, 2016 Order, the Court finds your objections are without merit. You pled guilty to [Endangering Welfare of Children Second Degree] in New Jersey on January 5, 2009. The State presented a certified copy of your New Jersey conviction to the Court. Pursuant to 11 *Del. C.* § 4121(a)(4)(c), your New Jersey conviction renders you a sex offender under the laws of Delaware.
>
> The State demonstrated that the statute under which you were convicted in New Jersey mirrors a conviction for Dealing in Child Pornography in Delaware. Pursuant to 11 *Del. C.* § 4121(d)(2)(f), a person convicted of Dealing in Child Pornography under 11 *Del. C.* § 1109 "shall" be designated as a Tier II Sex Offender upon motion of the State. Therefore, your Tier II classification was appropriate when you were a resident of Delaware.[8]

---

[7] Before filing the objections, Kokinda attempted to appeal the Commissioner's order to this Court. We dismissed the appeal and directed that Kokinda be given the opportunity to file objections to the order in the Superior Court. *Kokinda v. State*, 150 A.3d 1210, 2016 WL 6819735 (Del. Nov. 17, 2016) (ORDER).

[8] *Kokinda v. State*, C.A. No. N16M-03-197, at 1 (Del. Super. Ct. Jan. 4, 2017).

This appeal followed.

(8)     In his opening brief on appeal, Kokinda continues to claim that he cannot be classified as a sex offender in Delaware because of defects in his New Jersey conviction. His argument is without merit. Kokinda's collateral attack on his New Jersey conviction was outside the scope of the Superior Court proceedings. Unless and until Kokinda's New Jersey conviction is vacated in a proper proceeding in New Jersey, or by a federal court, the New Jersey conviction is valid.

(9)     Because Kokinda's New Jersey conviction must be regarded as valid, we have considered the parties' positions on appeal and the Superior Court record, including the transcript of the hearing held on April 25, 2016, to decide if Kokinda's New Jersey conviction qualified as a Tier II sex offense under Delaware law. The Superior Court properly determined that, in 2016, Kokinda qualified as a Tier II sex offender under Delaware's sex offender registration statute. In 2016, Kokinda was a Delaware resident who was convicted in New Jersey, under New Jersey law, of Endangering Welfare of Children Second Degree, a child sex offense comparable to Dealing in Child Pornography, a class B felony and Tier II sex offense in Delaware.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice